UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JAMES JETT,**　　　　　　　　　　　**CASE NO.**

　　　　**Plaintiff,**

v.

**CARLOS DEL TORO,**
**In his official capacity as Secretary,**
**U.S. Department of the Navy**

　　　　**Defendant.**
_____/

# COMPLAINT

Plaintiff, JAMES JETT, hereby sues Defendant, CARLOS DEL TORO in his official capacity as the Secretary of the U.S. Department of the Navy, and alleges:

## JURISDICTION

1.　This is an action brought under the Rehabilitation Act, codified at 29 U.S.C. §794, et seq. and 29 U.S.C. §621 et seq. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights claim jurisdiction). Attorneys' fees and costs are also sought under 28 U.S.C. §2412.

2.　This is an action involving claims which are, individually, in excess of Seventy- Five Thousand Dollars ($75,000.00).

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, JAMES JETT, has been a resident of the State of Florida and employed by Defendant. Plaintiff is a member of a protected class because of his age and his actual or perceived disability and/or record of impairment of which Defendant is aware. Further, Plaintiff reported Defendant's unlawful employment practices and has been retaliated against thereafter.

4. At all times pertinent hereto, Defendant, CARLOS DEL TORO, in his Official Capacity as the Secretary of the U.S. Department of the Navy, has been organized and existing under the laws of the United States. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant is Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, a disabled 46-year-old male, began his employment with Defendant on or about April 26, 2020, and held the position of Firefighter at the time of his wrongful termination on August 8, 2021.

7. Despite his stellar work performance during his employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his age and disability and because he reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

8. The disparate treatment and retaliation came at the hands of specifically but not limited to Chief Thad Mapledoram ("Chief Mapledoram"), and Chief Steven Foster ("Chief Foster").

9. Plaintiff was hired by Chief Elston on April 26, 2020. Plaintiff's Emergency Medical Technician ("EMT") license and Firefighter certifications were accepted and approved.

10. In or around July 2020, Chief Foster began harassing Plaintiff about his certifications saying that Plaintiff's Firefighter 1 and 2 certifications were not proper certifications even though they had the correct seal on them. Chief Foster said they were not proper seals, that Plaintiff needed to get his National Registry of Emergency Medical Technicians ("NREMT") certification and that a Florida EMT certification was unacceptable. These comments were made in the presence of Plaintiff's Supervisor, Chief Derrie Barber ("Chief Barber"). Chief Foster also said Plaintiff never should have been hired.

11. Plaintiff called the Department of the Navy Office of Equal Employment Opportunity to file a complaint and spoke with Sarah Ayer ("Ayer"). Ayer convinced Plaintiff to talk to Chief Elston to see if the problems could be worked out. Plaintiff spoke to Chief Elston and after that Chief Foster left Plaintiff alone.

12. On or about October 8, 2020, Chief Barber presented Plaintiff with a letter from Human Resources stating Plaintiff needed to get his NREMT certification by April 30, 2021. Plaintiff did not sign the letter but agreed to work towards his NREMT once schools reopened (which were closed due to Covid-19). Chief Elston agreed with Plaintiff and said once the college reopened to advise him of the cost and dates because Human Resources authorized Defendant to pay for it.

13. On or about November 5, 2020, Plaintiff called Chief Robin Shaw ("Chief Shaw") about his hazmat certifications and Chief Shaw requested for Plaintiff to send him an email so he could review them. Chief Shaw said they were good and to have Chief Foster submit Plaintiff's certification package to him.

14. Chief Foster refused and would not submit Plaintiff's certification package until July 2021 after Plaintiff was forced to contact the Union and it gave Foster a deadline to submit the certification. Foster then sent Plaintiff's certification package to someone else who did not understand Plaintiff's hazmat certifications were tied to his Firefighter 1 and 2 certifications.

15. Plaintiff consequently contacted Chief Shaw who informed Plaintiff he never received Plaintiff's certification package and requested for Chief Foster to send it again. Plaintiff told Chief Barber and gave him Chief Shaw's cell phone number and told Chief Barber that Chief Shaw said to call him if there was an issue regarding sending Plaintiff's certification package to him to be approved.

16. During the week of July 12, 2021, Chief Mapledoram made comments in front of Plaintiff's colleagues that the only reason Plaintiff was hired was because of his disability status as a veteran and because of Plaintiff's age waiver. Chief Mapledoram said Human Resources simply checked a box, didn't check any of Plaintiff's certifications, and that Plaintiff did not go through the same hiring process as everyone else. Plaintiff told Chief Mapledoram that was not true and that it took him three years to get processed and hired. Chief Mapledoram continued to say Plaintiff was a Veteran hire and that Plaintiff's disability and age waiver were the only reasons Plaintiff was hired.

17. On or about July 15, 2021, Chief Mapledoram made the same comments in front of Chief Barber. Chief Mapledoram again said that Plaintiff should not be there, and the only reason Plaintiff was hired was because of his veteran disability status and age waiver. Plaintiff again told Chief Mapledoram he was wrong but Chief Mapledoram said if Plaintiff's NREMT application for funding got denied, Plaintiff would have to pay for it out of pocket. Plaintiff told Chief

Mapledoram that his NREMT training cost has already been approved by Human Resources to be paid by Defendant and that Chief Foster had emailed Plaintiff saying Plaintiff had to wait until January 2022 due to funding issues to take the class.

18. As a result of Chief Mapledoram's repeated harassment constituting both age and disability bias, Plaintiff called the Department of the Navy Office of Equal Employment Opportunity and filed a discrimination complaint against Chief Mapledoram on July 19, 2021. The complaint was for discrimination on the basis of disability and age.

19. On or about August 7, 2021, Chief Barber called and emailed Plaintiff on his day off saying Plaintiff was getting a disciplinary action and would not say what is was for.

20. On or about August 8, 2021, Plaintiff returned to work and was terminated by Chief Mapledoram for not having his NREMT by April 30, 2021, and due to Plaintiff's hazmat certification being returned. The letter of termination was issued by Chief Barber. Plaintiff explained to Chief Barber that the school was closed due to Covid-19 and there was no way for him to have taken the class for his NREMT certification and that Human Resources had approved for Defendant to pay for the class and had told Plaintiff to wait until January 2022 due to funding issues to take the class.

21. Plaintiff's explanations fell on deaf ears and he was terminated anyway.

22. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## AGE DISCRIMINATION

23. Paragraphs 1 through 22 are realleged and incorporated herein by reference.

24. This is an action against Defendant for discrimination based upon age brought under 29 U.S.C. §621 et seq.

25. Plaintiff has been the victim of discrimination on the basis of his age in that he was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his age. Ageist comments were also made about Plaintiff which constitute direct evidence of age discrimination.

26. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance

and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

27. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

28. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant and he was fired.

29. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age.

30. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief and reinstatement.

## COUNT II
## DISABILITY DISCRIMINATION

31. Paragraphs 1 through 22 are realleged and incorporated herein by reference.

32. This is an action against Defendant for disability discrimination brought under 29 U.S.C. §794 et seq.

33. Plaintiff has been the victim of discrimination on the basis of his disability or perceived disability. Disability related comments were made about Plaintiff's disabled status which constitute direct evidence of age discrimination. During the course of Plaintiff's employment with Defendant, he was also treated differently than similarly situated nondisabled/perceived-as-disabled employees.

34. Defendant is liable for the differential treatment of Plaintiff based on his disabled status. and its refusal to accommodate Plaintiff, as well as its failure to engage in the interactive process with Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

35. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

36. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

37. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or his record of having an impairment under the laws enumerated herein.

38. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and reinstatement.

## COUNT III
## RETALIATION

39. Paragraphs 1 through 22 are realleged and incorporated herein by reference.

40. Defendant is an employer as that term is used under the applicable statutes referenced above.

41. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff.

42. The foregoing unlawful actions by Defendant were purposeful.

43. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and was the victim of retaliation thereafter, as related in part above.

44. Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

45. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to reinstatement and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's

    obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)   enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)   enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)   enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)   award Plaintiff interest where appropriate; and

(g)   grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 10th day of May 2022.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801

ATTORNEYS FOR PLAINTIFF