IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES JETT,

    *Plaintiff*,

v.                                                                         Case No.: 5:22cv90-MW/MJF

CARLOS DEL TORO,

    *Defendant*.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE

This Court has considered, without hearing, Defendant's motion to strike, ECF No. 38, and Plaintiff's response, ECF No. 43. Defendant challenges two materials submitted in support of Plaintiff's response to Defendant's motion for summary judgment. The first is the transcript of the confidential sworn statement of James Elston, ECF No. 31-42. The second is the transcript of the deposition of E. Licia Blevins, ECF No. 31-53. Defendant has challenged both materials under Rule 26 and Rule 37, arguing that Plaintiff failed to meet his disclosure obligations. Additionally, as to ECF No. 31-42, Defendant argues that the confidential sworn statement should be stricken because the statement was taken in a question-and-answer format, rendering the statement a "deposition" subject to unmet Rule 30 obligations. Finally, Defendant argues that both exhibits violate Rule 56(c) as they contain inadmissible evidence and therefore cannot be considered on summary

judgment. After consideration of the arguments submitted by the parties, Defendant's motion to strike is **DENIED**.

I

This Court begins by summarizing the relevant events preceding this Order. Discovery in this case closed on June 13, 2023. James Elston gave the sworn statement contained in ECF No. 31-42, on June 25, 2023. The statement was given under oath and transcribed by a court reporter, who recorded a question-and-answer styled exchange between Plaintiff's counsel and Mr. Elston. Defendant and his counsel were not present for Mr. Elston's statement. Mr. Elston was listed as a potential witness on Plaintiff's Rule 26 disclosures since at least as early as September 1, 2022.

On July 10, 2023, Defendant filed a motion for summary judgment. On July 31, Plaintiff filed a response to Defendant's motion for summary judgment, which included the contested exhibits as support. The next day, Plaintiff emailed Defendant's counsel an amended Rule 26 disclosure, which added the transcripts of ECF No. 31-42 and 31-53. While James Elston had been disclosed as a potential witness well in advance of the end of discovery, this was the first time his sworn statement was mentioned on any Rule 26 disclosures. This August 1st amendment was also the first time that E. Licia Blevins or her deposition had appeared on any of Plaintiff's Rule 26 disclosures at all.

The Federal Rules of Civil Procedure disclosure requirements exist to avoid unfair surprise, gamesmanship, and "gotchas." The requirements "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed[.]" *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958); *see generally* 8 Charles Alan Wright et al., Federal Practice and Procedure § 2001 (3d ed. 2011). Strict compliance with the Rules is important, but the Rules also contemplate the need for flexibility during the discovery process and beyond. As a litigant's knowledge of the facts changes throughout the course of litigation, the Rules provide the leeway to amend disclosures accordingly.

Rule 26 requires each party to affirmatively disclose to the other "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). "A party must make its initial disclosures based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E).

But these obligations do not end with a single response or disclosure. Parties must continue to supplement their disclosures and interrogatory responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information

3

has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). And "[a]s case preparation continues, a party must supplement its disclosures when it determines that it may use a witness or document that it did not previously intend to use." Fed. R. Civ. P. 26 advisory committee's note to 2000 amendment. The failure of a party to comply with such obligations results in the prohibition of the improperly disclosed material from being used by the offending party, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In determining whether a failure to disclose was "substantially justified" or "harmless" the Court must weigh "the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Heffernan v. North Fla. Workforce Dev. Bd.*, No.: 4:14cv85-MW/CAS, 2014 WL 12909196, *1 (N.D. Fla. Dec. 16, 2014) (citing *Lips v. City of Hollywood*, 350 Fed. Appx. 328, 340 (11th Cir. 2009) (internal quotations omitted)).

II

This Court will first address ECF No. 31-42, the transcript of the confidential sworn statement of James Elston. Defendant asks this Court to strike ECF No. 31-42, alleging Plaintiff failed to properly disclose the statement under Rule 26. Defendant also raises objections as to the statement's form. Because the relevant

Rule 26 obligations depend on the validity of the arguments Defendant has raised as to form, this Court will dispose of the latter issue first.

The sworn statement memorialized in ECF No. 31-42 was given under oath, in question-and-answer format, and transcribed by a court reporter. Defendant's counsel was not present when the statement was taken. A statement taken under these circumstances, Defendant argues, render the statement more akin to an "improper, unnoticed deposition[,]" than an affidavit or declaration. ECF No. 38 at 14. Defendant sets forth numerous policy arguments for why this Court should not permit the use of undisclosed statements taken in this manner in a motion for summary judgment.

These policy arguments need not be addressed. In *Bozeman v. Orum*, the Eleventh Circuit sanctioned the use of such statements for summary judgment. 422 F.3d 1265, 1268 n.1 (11th Cir. 2005) (concluding that a witness statement taken "under oath, in question-and-answer format and given before a court reporter" is "at least as reliable as signed affidavits and are properly considered on summary judgment"). The traditional practice of securing affidavits for use in support of summary judgment often involves a statement written by counsel specifically for that purpose, which is then presented to and signed by the affiant. This Court fails to see how an unedited transcription of the witness's own words, is not, if anything, substantially more reliable than the more traditional alternative.

To be clear, no one disputes that the underlying witness must be properly disclosed under Rule 26 before their statement, in any form, can be used at summary judgment. Instead, Defendant's argument is that witness statements, at least when taken in the question-and-answer format, require not only disclosure of the underlying witness, but also an independent disclosure as to the statement. This Court understands the ruling in *Bozeman* to stand for the proposition that sworn statements taken in this form should be, for the purposes of disclosure, treated the same as a traditional affidavit or declaration elicited for the purpose of summary judgment.

The next question then, must be what sort of disclosure the Rules require of these traditional affidavits and declarations when taken in anticipation of summary judgment. This Court, among others, acknowledges the longstanding, customary practice of litigants eliciting statements from witnesses as the deadline for summary judgment approaches. *See Heffernan*, 2014 WL 12909196, at *10. In *Heffernan*, this Court noted how these declarations and affidavits are not typically disclosed prior to their use on summary judgment and that it would prove "unreasonable and burdensome" to oblige parties to do so. *Id*. (quoting *Intel Corp. v. VIA Technologies, Inc.*, 204 F.R.D. 450 (N.D. Cal. 2001) (internal quotations omitted)). Defendant essentially concedes as much in his motion. *See* ECF No. 38 at 4 n.1 (noting another

undisclosed affidavit submitted by Plaintiff was "proper evidence[,]" according to Defendant, because "an affidavit is inherently different than a than a deposition").

This longstanding practice is persuasive to this Court as to the propriety of eliciting such statements after the close of discovery, but the accompanying disclosure requirements are ambiguous. This Court is hesitant to say that when an underlying witness is properly disclosed in accordance with Rule 26, there is no additional obligation to amend disclosures to include mention of affidavits or declarations taken after the close of discovery. Support for such an understanding is absent from the language of the Rule 26.

Under such a view, the only relevant question for this Court to address as to Elston's statement would be whether Mr. Elston was properly disclosed *as a witness* under Rule 26 and he undisputedly was.[1] In any event, even if, *arguendo*, a duty to disclose Mr. Elston's sworn statement arose from the moment the statement was recorded, any failure by Plaintiff to amend his disclosures was harmless. Elston's statement was taken after the close of discovery. Even with a contemporaneous disclosure of the statement, it would be too late for anyone to depose Mr. Elston and too late to file a motion to compel production of the statement. Furthermore, this Court finds that the contents of the statement would be protected by the work-

---

[1] James Elston has been listed as a potential witness on Plaintiff's disclosures since at least September 1, 2022, and discovery did not close until June 13, 2023.

7

product doctrine. See *Heffernan v. N. Fla. Workforce Dev.*, 4:14cv85-MW/CAS, at 10 (N.D. Fla. 26, 2014). Accordingly, Plaintiff's disclosure obligations would only require Plaintiff to disclose the existence of the sworn statement, not its contents. *Id*. Defendant would still not have been received the contents of the Elston statement until after Plaintiff filed his response to summary judgement. Under the circumstances, this Court fails to find any prejudice to Defendant by Plaintiff's failure to disclose the Elston statement before using it at summary judgment. Therefore, any error by Plaintiff was harmless. The request to strike ECF No. 31-42 is **DENIED**.

### III

This Court will now address the deposition transcript of E. Licia Blevins, ECF No. 31-53. The deposition of Ms. Blevins was taken on February 10, 2023, as part of a different lawsuit styled *Parkins v. Carlos Del Toro*, Case No.: 5:22cv60-RH/MJF. *Parkins* and the matter at issue here have significant factual overlap, and Defendant is the same in both cases. Counsel was present for Defendant at the deposition. In Defendant's own words, both cases are among a group of six that "allege various forms of employment discrimination . . . at the hands of (in whole or in part) Fire Chief Thad Mapledoram, who reported to NAS Panama City in late April 2021[]" and "many of the witnesses are involved in multiple [of these] suits and discovery overlaps." ECF No. 25 at 1–2.

8

Returning to the instant case, on June 16, 2023, Defendant filed a notice of prior or similar case with this court, ECF No. 25, pursuant to Local Rule 5.6, in which Defendant disclosed the *Parkins* lawsuit to this Court. Defendant also, in support of his motion for summary judgment, filed as support a transcript of a telephonic hearing from the same *Parkins* action that spawned the Blevins deposition, ECF No. 26-46.

Defendant does not dispute that depositions from prior lawsuits may be properly used in subsequent actions for the purpose of summary judgment and this Court agrees. *See Vondriska v. Cugno*, 368 F. App'x 7, 8–9 (11th Cir. 2010). But Defendant does take issue with the fact that neither Ms. Blevins nor her deposition were ever listed in any of Plaintiff's Rule 26(a)(2) disclosures prior to Plaintiff using the deposition at summary judgment. It is not clear when Plaintiff decided that the testimony of Ms. Blevins would be used, but Rule 26(e) requires parties to amend their disclosures if a party learns they are "incomplete or incorrect, *and* if the additional or corrective information *has not otherwise been made known* to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added).

Given that Defendant disclosed the *Parkins* lawsuit to this Court, arguably any potential duty to disclose Ms. Blevins or her deposition testimony evaporated when Defendant made this disclosure based on the plain language of Rule 26(e). At

9

that point, one could argue that it would be reasonable to infer that the facts of the *Parkins* lawsuit had "otherwise been made known" to Defendant. But, even if a duty to disclose the Blevins deposition did attach to Plaintiff at some point, any error in failing to amend Plaintiff's Rule 26 disclosures would be harmless. Defendant was undoubtedly already aware of the *Parkins* lawsuit when he prepared his motion for summary judgment. Because not only did Defendant disclose the *Parkins* lawsuit to this Court prior to the filing of his motion, Defendant actually used a transcript from the *Parkins* lawsuit to support the motion.

As stated above, the purpose of the disclosure rules is to avoid unfair surprise or gamesmanship. Here there is neither. Defendant had at least as much notice regarding the *Parkins* lawsuit and its witnesses, including Ms. Blevins, as he would have had if Plaintiff listed Ms. Blevins as a potential witness in a Rule 26 disclosure. Accordingly, Defendant was not prejudiced by any hypothetical failure by Plaintiff to disclose Ms. Blevins or her deposition, and any potential error was harmless.

IV

Finally, Defendant moves to strike both the Blevins deposition and Elston sworn statement for failure to comply with Rule 56(c), which says that an "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the

affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

A party must move to strike a defective affidavit or else waive any objection. *See* 10B Wright & Miller, Federal Practice & Procedure § 2738 (3d ed.). But a court will only disregard the inadmissible and incompetent evidence and will consider the rest. *Id.*; *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011) (disregarding statements lacking personal knowledge); *Lee v. Nat'l Life Assur. Co. of Canada*, 632 F.2d 524, 529 (5th Cir. 1980) (disregarding inadmissible portions of affidavits). "It follows that a motion to strike should specify the objectionable portions of the affidavit and the grounds for each objection. A motion asserting only a general challenge to an affidavit will be ineffective." 10B Wright & Miller, § 2738.

When ruling on Defendant's summary judgment motion, this Court will, where necessary, explain its application of the above principles to Plaintiff's evidence. But neither Defendant's general objection to the contents of the sworn statement and deposition nor the meager examples in Defendant's motion are

11

enough to warrant striking them in their entirety.

For these reasons,

**IT IS ORDERED:**

Defendant's motion to strike, ECF No. 38, is **DENIED.**

**SO ORDERED on September 21, 2023.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**