IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES JETT,

   Plaintiff,

v.

CARLOS DEL TORO,
In his official capacity as Secretary,
U.S. Department of the Navy,

   Defendant.

Case No.: 5:22cv90-MW-MJF

## PARTIALLY UNOPPOSED MOTION TO STRIKE

Pursuant to Rule 12(f) Federal Rules of Civil Procedure, Defendant Carlos Del Toro, in his official capacity as Secretary, United States Navy ("Defendant") moves to strike portions of James Jett ("Plaintiff")'s Complaint at ECF No. 1, namely, certain types of inapplicable relief, now that the only remaining claim is brought under the Age Discrimination in Employment Act. In support thereof, Defendant states as follows.

### Relevant Procedural Posture

1. On May 10, 2022, Plaintiff filed his Complaint in the instant case, alleging age discrimination, disability discrimination, and retaliation. [ECF No. 1].

2. Count I of the Complaint alleges age discrimination by Defendant under 29 U.S.C. § 621. [ECF No. 1, ¶ 24].

3. Relating to age discrimination, Plaintiff claims he has suffered "emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits." [*Id.*, ¶ 30]

4. Further, Plaintiff maintains he is entitled to "injunctive relief and reinstatement." *Id.*

5. In seeking relief, Plaintiff enumerates, among other things, demands for "equitable relief," "compensatory damages," "attorney's fee's," "interest," and reinstatement." [ECF No. 1, pp. 11-12].

6. Finally, Plaintiff demands a jury trial. [ECF No. 1, ¶ 12].

7. After extensive discovery and summary judgment briefing, this Court held a hearing on Defendant's Motion for Summary Judgment [ECF No. 29] on March 8, 2024. [ECF Nos. 50, 51].

8. At the hearing and encompassed in the resulting Order [ECF No. 53], for the reasons stated on the record, the Court granted Defendant's Motion as to Counts II and III of Plaintiff's Complaint, alleging disability discrimination under the Rehabilitation Act, 29 U.S.C. § 794 and retaliation under Title VII.

9. As such, the only remaining claim that survived for trial is Count I, discrimination under the Age Discrimination in Employment Act ("ADEA"). [ECF

No. 53, p. 2, p. 3]. Accordingly, Plaintiff's Complaint now seeks certain categories of inapplicable relief.

10. These issues are straightforward, especially considering this Court's recent jurisprudence. Plaintiff only agrees that a jury trial is inapplicable.

## ARGUMENT

### I. Legal Standard

Under Federal Rule of Civil Procedure 12(f), this Court may strike immaterial allegations from a pleading. "An allegation is immaterial if it has no value in developing the issues of the case." *Blake v. Batmasian*, 318 F.R.D. 698, 701 n.2 (S.D. Fla. 2017) (citing *Oaks v. City of Fairhope*, 515 F. Supp. 1004, 1032 (S.D. Ala. 1981)). "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake*, 318 F.R.D. at 700. Now, that Defendant's Motion for Summary Judgment has been granted and denied in part, there are certain portions of Plaintiff's Complaint that are due to be stricken.

### II. Plaintiff Seeks Unavailable Relief under the ADEA

Plaintiff has demanded a jury trial on his claims in this case. [ECF No. 1, ¶ 12]. A federal employee suing under the ADEA is not entitled to a jury trial. *See Gloetzner v. Lynch*, 225 F. Supp. 3d 1329, 1345 (N.D. Fla. 2016) (citing *Lehman v. Nakshian*, 453 U.S. 156, 162 (1981) (stating that although ADEA authorizes a jury

trial in civil actions against private employers and state and local governments, Congress did not grant right to jury trial to federal employees suing under the ADEA); *Sullivan v. Vilsack*, Case No. 1:22-cv-00039-MW-MAF, 2023 WL 9785048, at *5 (N.D. Fla. Nov. 14, 2023) (same). Plaintiff agrees that a jury trial is not available under the ADEA.

Plaintiff requests damages for mental pain and suffering under the ADEA, including "bodily injury, mental anguish, loss of enjoyment of life." [ECF No. 1, ¶ 30]. "[N]either punitive damages nor compensatory damages for pain and suffering" are not recoverable under the ADEA." *Goldstein*, 758, F.2d. at 1446; *see also Sullivan*, 2023 WL 9785048, at *5 (same). *Goldstein* instructs that damages are extremely limited in federal sector ADEA claims (noting backpay, fringe benefits, and potentially reinstatement). *Goldstein*, 758, F.2d. at 1446, 1448; *see also Villescas v. Abraham*, 311 F.3d 1253, 1261 (10th Cir. 2002) ("To the contrary, when Congress enacted § 633a, it omitted, for example, any provision for damages for willful discrimination[.]").

Plaintiff has also requested attorney's fees. Current and former federal employees may not recover attorney's fees under the ADEA. *See Lewis v. Fed. Prison Indus., Inc.*, 953 F.2d 1277, 1282 (11th Cir. 1992) ("If Congress had intended to permit claimants to recover attorney's fees in suits against the government under the ADEA, then it had ample opportunity to do so. In both private sector ADEA and

Title VII cases, Congress explicitly authorized attorney's fees. Its failure to include such provisions in this context compels us to determine that Congress did not intend to provide this remedy for public sector litigants."); *Sullivan*, 2023 WL 9785048, at *5 ("Federal employees cannot recover attorney's fees if they prevail on their ADEA claim."). As a defense, Plaintiff now attempts to claim that he seeks fees under 28 U.S.C § 2412 instead of the ADEA. If so, any such award, capped by statute, would come after substantial post-trial briefing and findings.

Because summary judgment was granted on Counts II and III, Plaintiff's entitlement to forms of relief in his Complaint has been considerably limited. In preparation for trial, this Court should strike Plaintiff's demand for a jury trial, attorneys' fees, and compensatory damages beyond back pay, fringe benefits, and reinstatement, as unavailable under the federal sector provision of the ADEA.

For each of these reasons, the Court should grant Defendant's motion to strike.

Respectfully submitted,

JASON R. COODY
United States Attorney

*/s/ Marie A. Moyle*
**MARIE A. MOYLE**
Assistant United States Attorney
Florida Bar No. 1003498
111 North Adams Street, 4th Floor
Tallahassee, FL  32301
Telephone:  850-942-8430

> Fax: 850-942-8466
> Email: marie.moyle@usdoj.gov
> Counsel for Defendant

## **LOCAL RULE 7.1(B) CERTIFICATE**

I HEREBY CERTIFY that I attempted to confer with Ms. Mattox in accordance with Local Rule 7.1(B) after the hearing on March 8, 2024, as well as on March 11, 2024, and March 14, 2023. Despite exchanging numerous emails about the substance of these issues, including providing case law, Plaintiff did not respond with certainty as to any issue besides the jury trial demand.

## **LOCAL RULE 7.1(F) CERTIFICATE**

I HEREBY CERTIFY that this memorandum contains 941 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).